**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**

Eastern District of Kentucky
FILED
AUG 17 2022
AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**UNITED STATES OF AMERICA**

**V. SUPERSEDING INDICTMENT NO. 6:22-CR-41-S-CHB**

**JEREMY D. ELLIOTTE,**
**MICHAEL L. HOWELL and**
**DERREK A. LOVETT**

* * * * *

**THE GRAND JURY CHARGES:**

**COUNT 1**
**18 U.S.C. § 242**
**18 U.S.C. § 2**

On or about August 18, 2020, in Whitley County, in the Eastern District of Kentucky,

**JEREMY D. ELLIOTTE and**
**DERREK A. LOVETT,**

while acting under color of law as Kentucky State Police troopers and while aiding and abetting one another, willfully deprived B.H., an arrestee, of the right, protected and secured by the Constitution and laws of the United States, to be free from unreasonable seizures, which includes the right to be free from the use of unreasonable force by an officer. Specifically, defendants **ELLIOTTE** and **LOVETT** assaulted B.H. without legitimate law enforcement justification, resulting in bodily injury to B.H., all in violation of 18 U.S.C. §§ 242 and 2.

**COUNT 2**
**18 U.S.C. § 242**

On or about August 18, 2020, in Whitley County, in the Eastern District of Kentucky,

**JEREMY D. ELLIOTTE,**

while acting under color of law as a Kentucky State Police trooper, willfully deprived S.B., D.C., and C.C. of the right, protected and secured by the Constitution and laws of the United States, to be free from unreasonable searches. Specifically, defendant **ELLIOTTE** unlawfully entered the home in which S.B., D.C., and C.C. were residing, without a warrant and without other legal justification, all in violation of 18 U.S.C. § 242.

**COUNT 3**
**18 U.S.C. § 371**

On or about August 18, 2020, and continuing through on or about August 20, 2020, in Whitley County and Laurel County, in the Eastern District of Kentucky,

**JEREMY D. ELLIOTTE,**
**MICHAEL L. HOWELL and**
**DERREK A. LOVETT**

knowingly and willfully combined, conspired, and agreed with each other and with others known and unknown to the grand jury to violate 18 U.S.C. § 1512(b)(3) by knowingly engaging in misleading conduct toward another person with the intent to hinder, delay, and prevent the communication of information to a federal law enforcement officer and judge relating to the commission and possible commission of a federal offense.

## Manner and Means of the Conspiracy

It was the plan and purpose of the conspiracy for defendants **HOWELL, ELLIOTTE,** and **LOVETT** to conceal the true nature of the force that had been used on B.H. by **ELLIOTTE** and **LOVETT**, and the true nature of the circumstances under which they had used force against B.H as described in Count 1. They carried out the conspiracy by, among other things, agreeing upon a false narrative and agreeing to stick with that narrative when being interviewed by supervisors.

## Overt Acts

In furtherance of this conspiracy and to affect the objects thereof, members of the conspiracy engaged in the following overt acts:

1. On the early morning of August 18, 2020, **HOWELL** asked **ELLIOTTE** shortly after the use of force what false narrative they were "sticking with" regarding the use of force.
2. Defendant **ELLIOTTE**, who had previously spoken to defendant **LOVETT**, spoke with defendant **HOWELL** and agreed that the false narrative they would give would have to be "the closest thing possible [to what] the video would show," in case the use of force had been recorded.
3. On August 20, 2020, defendant **ELLIOTTE** gave an interview to a KSP supervisor who was investigating the use of force as part of a KSP Response to Resistance ("RR") interview. During that interview, **ELLIOTTE** stuck to the agreed-upon cover story and knowingly misled his supervisor, including by falsely claiming that B.H.: 1) attempted to flee three times prior to the use of force

described in Count 1; 2) "aggressively resisted arrest," and; 3) simultaneously flailed his arms and buried his arms underneath him prior to **ELLIOTTE** and **LOVETT** using force on him.

4. Defendant **HOWELL** also gave an interview to the same KSP supervisor on August 20 as part of the RR interview. During that interview, defendant **HOWELL** also stuck to the agreed-upon cover story and knowingly misled his supervisor by failing to disclose that that B.H. had been repeatedly punched in the face. **HOWELL** also deliberately failed to reveal to his supervisor that the use of force against B.H. was, in his own words, "pretty bad" such that he hoped the use of force had not been recorded.

5. **LOVETT** also gave an interview to the same KSP supervisor on August 20 as part of the RR investigation. During that interview, **LOVETT** also stuck to the agreed-upon cover story and knowingly misled his supervisor by falsely claiming that B.H. attempted to flee prior to the use of force described in Count 1 and that B.H. both flailed his arms and kept his hands underneath his body prior to **ELLIOTTE** and **LOVETT** using force on him, all in violation of 18 U.S.C. § 1512(b)(3).

All in violation of 18 U.S.C. § 371.

**<u>COUNT 4</u>**
**18 U.S.C. § 1512(b)(3)**

On or about August 20, 2020, in Laurel County, in the Eastern District of Kentucky,

**JEREMY D. ELLIOTTE**

knowingly engaged in misleading conduct towards another person in order to hinder, delay, and prevent the communication to a federal law enforcement officer and judge of information relating to the commission and possible commission of a federal offense. Specifically, during the RR interview with a supervisor described in Count 3, **ELLIOTTE** repeated the agreed upon cover story and knowingly misled his supervisor by falsely claiming that B.H.: 1) attempted to flee three times prior to the use of force described in Count 1; 2) "aggressively resisted arrest," and; 3) both flailed his arms and buried his arms underneath him prior to **ELLIOTTE** and **LOVETT** using force on him, all in violation of 18 U.S.C. § 1512(b)(3).

**COUNT 5**
**18 U.S.C. § 1512(b)(3)**

On or about August 20, 2020, in Laurel County, in the Eastern District of Kentucky,

**MICHAEL L. HOWELL**

knowingly engaged in misleading conduct towards another person in order to hinder, delay, and prevent the communication to a federal law enforcement officer and judge of information relating to the commission and possible commission of a federal offense. Specifically, during the interview with a supervisor described in Count 3, defendant **HOWELL** failed to mention that B.H. had been repeatedly punched in the face on August 18, 2020. **HOWELL** also deliberately failed to reveal to his supervisor that the use of force against B.H. was, in his opinion, "pretty bad" such that he hoped it had not

been recorded, all in violation of 18 U.S.C. § 1512(b)(3).

**COUNT 6**
**18 U.S.C. § 1512(b)(3)**

On or about August 20, 2020, in Laurel County, in the Eastern District of Kentucky,

**DERREK A. LOVETT**

knowingly engaged in misleading conduct towards another person in order to hinder, delay, and prevent the communication to a federal law enforcement officer and judge of information relating to the commission and possible commission of a federal offense. Specifically, during the interview with a supervisor described in Count 3, defendant **LOVETT** repeated the agreed upon cover story and knowingly misled his supervisor by falsely claiming that B.H. attempted to flee prior to the use of force described in Count 1 and that B.H. both flailed his arms and kept his hands underneath his body prior to **ELLIOTTE** and **LOVETT** using force on him, all in violation of 18 U.S.C. § 1512(b)(3).

**A TRUE BILL**

[redacted]

**FOREPERSON**

**CARLTON S. SHIER, IV**
**UNITED STATES ATTORNEY**

## PENALTIES

**COUNT 1:** Not more than 10 years imprisonment, $250,000 fine, and 3 years supervised release.

**COUNT 2:** Not more than 1 year imprisonment, $100,000 fine, and 1 year supervised release.

**COUNTS 3 – 6:** Not more than 20 years imprisonment per count, $250,000 fine per count, and 3 years supervised release per count.

**PLUS:** Mandatory special assessment of $100 per count for counts 1 and counts 3 – 6 and mandatory special assessment of $25 for count 2.

**PLUS:** Restitution, if applicable.